JAMES W. FORD AND FAYE P. FORD, APPELLANTS,
v. BEN WERTHEIMER AND MARGUERITE
WERTHEIMER, RESPONDENTS.

No. 4554

November 13, 1963

386 P.2d 611

*Jones, Wiener & Jones,* of Las Vegas, for Appellants.

*Harry E. Claiborne,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, C. J.:

This is an appeal from a judgment in favor of plaintiffs (respondents herein) arising out of a suit for rescission of a transaction in which appellants sold a certain dwelling house, together with the furniture, to respondents.

The appellant-defendants will be referred to as the Fords and the respondent-plaintiffs as the Wertheimers.

The Wertheimers purchased a residence in Las Vegas, Nevada, with household furnishings, from the Fords for the agreed price of $43,000. The Wertheimers paid the Fords $10,000 in cash and $29,000 from the proceeds of a $30,000 loan from Nevada Savings and Loan Association, evidenced by a promissory note executed by the Wertheimers and secured by a first deed of trust. The Wertheimers further executed a $4,000 note secured by a second deed of trust in favor of the Fords.

They took possession in June, 1960. In December of that year they gave the Fords a notice of rescission, demanding "from you the return of $10,000 heretofore paid by Mrs. Wertheimer as a part of the purchase price of the premises." Upon refusal of the tender the Wertheimers' action for rescission followed in January, 1961. The complaint for rescission, however, while offering a return of the property, prayed for judgment in the sum of $40,000, in addition to the cancellation of the $4,000 note secured by the second deed of trust.

The court below filed a written decision ordering a rescission, and nothing more, and directed counsel for plaintiffs to prepare findings, conclusions, and judgment. It should be noted that the court's 11-page decision dealt entirely with a recital of the facts and with the conclusion that the plaintiffs were entitled

to rescission by reason of the fraudulent representations of the defendants. This issue, however, is removed from the consideration of this court on the appeal, because appellants frankly admit in their opening brief that the record contains substantial evidence supporting the finding that respondents were induced to purchase the property by reason of the appellants' misrepresentation of facts. They accordingly do not attack the trial court's conclusion that the Wertheimers are entitled to a rescission.

Appellants contend that the trial court was in error in rendering a judgment in favor of the Wertheimers for $40,000, because the same is "an erroneous duplication of the $30,000 first deed of trust with which the property was encumbered," upon restoration to the Fords of such encumbered title by virtue of the rescission; and that the cancellation of the $4,000 second deed of trust should have been conditioned upon restoration to the Fords of the title and possession of the furnishings. They further contend that inasmuch as the Wertheimers had remained in possession of the property for 21 months, the court was in error in not charging them with the reasonable value of the rental of such premises for that period. They brought these issues before the trial court by way of a motion to amend the findings and judgment and for a new trial, in which, among other things, they asked for a finding "that the plaintiffs refinanced the subject property which at the time of the sale by defendants to plaintiffs had a loan balance of approximately $18,000[1] * * *; that plaintiffs obtained a new loan upon the subject premises in the principal sum of $30,000," and that by reason of the increased interest rates and term of the new loan, the net costs to the defendants of such new loan was some $3,000; and that "rent for the premises for the period of 21 months, during which plaintiffs occupied said premises, the reasonable rent therefor during such period being $350 per month,

---

[1] The first and only mention of this item appears in appellants' motion for new trial. It is nowhere in evidence.

* * *," should be credited against the judgment in favor of the Wertheimers. The trial court denied the Fords' motions on the ground that the Fords had participated and assisted in the new loan and that the same was for their benefit.

Attention must first be given to the condition of the record concerning two of the items embraced in the motion to modify the findings. The findings do not disclose any information whether the property was encumbered at the time of the transaction, to say nothing of the precise amount of the encumbrance in the sum of approximately $18,000. The assistant real estate loan officer of the bank who handled the escrow testified in court and had with him the escrow records of the transaction. At the request of counsel he handed him such records and testified that the escrow was closed on July 15, 1960, and that on that date the bank "disbursed the funds." There the matter was dropped. No part of the escrow instructions or any other documents or memoranda in the file were offered in evidence. No showing was made of any amount due under a prior mortgage or whether the property was encumbered by a prior mortgage. Nothing appeared as to whom and in what amounts the bank disbursed the funds. Under the original contract papers the parties agreed "that the evidence of title is to be in the form of a policy of title insurance furnished and paid for by the seller." Certainly the complete escrow file would have contained a satisfaction of an existing encumbrance with instruction for its delivery upon payment of the principal and interest due, or possibly an agreement for a subrogation, or other disposition thereof.

On the question of the reasonable value of the rental of the premises occupied by the Wertheimers the record is entirely silent.

Nor does the record contain the $30,000 deed of trust, or any indication of its terms, or any information as to what payment had been made thereon by the Wertheimers.[2]

---

[2] It appears that appeal counsel were not counsel in the trial and are not chargeable with responsibility for the record made in the court below.

Hampered as we are by the failure of the record to disclose these essential items, we turn to the necessary disposition of the appeal.

The trial court found, without attack by either of the parties, that pursuant to the written contract of sale the Fords delivered their deed. It should be here noted that the contract of sale (by way of written offer and written acceptance upon a single document) included both the real property and the furnishings. The deed described only the real estate. No bill of sale or other instrument in the record conveyed the furnishings in the house. The court's findings found that the Fords had received from the Wertheimers the sum of $10,000 in cash and $30,000 from the proceeds of a note in that amount in favor of Nevada Savings and Loan Association secured by first deed of trust to Nevada Trustee, Inc., as trustee, and Nevada Savings and Loan Association as beneficiary, and that the Wertheimers further executed a promissory note for $4,000 in favor of James Ford secured by a second deed of trust in his favor as beneficiary. This note recited that it was "secured by a deed of trust, of even date herewith, to Nevada Trustee, Inc." The deed of trust as noted is not in evidence.

The court's conclusions of law, after finding that plaintiffs were entitled to a rescission, and after holding that the Wertheimers were entitled to have rescinded "all deeds and conveyances and any and all notes, trust deeds, and mortgages executed and delivered in pursuance to the sale of said property," concluded:

"3. That the plaintiffs are entitled to a decree and judgment for the repayment by the defendants [the Fords] of the sum of $40,000 received by defendants on the said purchase price of said real property, together with interest * * *." The judgment followed these conclusions.

While the record is confused by some unimportant variance and discrepancy in the figures, it reveals the fact that the Wertheimers paid in $10,500, together with $29,000, proceeds of the $30,000 mortgage loan. Under the trial court's judgment they recover $40,000 from appellants. There is returned to the Fords their

real property encumbered with a $30,000 mortgage, but none of the furnishings which had been included in the sale to the Wertheimers and no payment from the Wertheimers of the reasonable rental of the property for the 21 months during which the Wertheimers had occupied it.

Neither of the parties questions the rule that upon granting a purchaser rescission, the vendor must be placed in status quo, and must in turn restore the consideration, as equitably as this can be accomplished. From the point of view of both parties, we must examine the result of the judgment to see if this has been effected.

As to the Wertheimers, they have returned the real property, but not the furnishings, for which they paid $10,500 in cash. They occupied the premises for 21 months. On the judgment of rescission they have recovered not $10,500 but $40,000, have retained title to the personalty, and have been released from all further obligations in the transaction.[3]

As to the Fords, they have received back their real estate (but not their furniture), subject to a $30,000 deed of trust and have been subjected to a $40,000 judgment besides loss of the use of the property for 21 months. As against this, they have received $10,500 in cash and the proceeds of the $30,000 loan. As heretofore noted, we are without information as to how much of the loan proceeds went to a prior mortgagee. Assuming, however, that the Fords received the entire $30,000 proceeds of the loan, they have nonetheless received back title to the property subject to such $30,000 deed of trust.

---

[3]The deed of trust from the Wertheimers to the bank is not in evidence. Neither the bank, as beneficiary, nor the trustee was a party to the action. The judgment could not conceivably have discharged or in any way diminished the bank's rights under its deed of trust. It may be presumed that the personal obligation of the Wertheimers on their secured note to the bank and the possibility of their being subjected to a deficiency judgment after trustee's sale of the property still exists. The trial court, however, nowhere indicated that the $40,000 judgment against the Fords operated as a cushion against such liability.

It is thus evident that whether from the point of view of the Fords or the Wertheimers neither has been restored to the status quo. The Fords emerge from the litigation with a greatly limited equity in the property. The Wertheimers emerge with their original investment of $10,500, enjoyment of the home rent free for 21 months, and the remainder of the $40,000 judgment as a bonus.

[Headnote 3]

This does not conform even remotely to restoring the parties to the status quo. Nor, under the condition of the record, can this court direct a judgment. The judgment must be reversed and the cause remanded for a new trial, limited to the issues involved in restoring the parties to the status quo in accordance with views herein expressed. For the same reason the order denying motion for new trial must also be reversed. The determination of the right of the Wertheimers to a rescission, under the concession of the Fords, need not be retried. Such part of the trial court's judgment is affirmed. The two volumes of the record on appeal comprise 1,294 folios. Possibly some five sixths of such record is devoted to the appeal from the judgment of rescission. Under the circumstances, appellants and respondents will pay their own respective costs on this appeal.

McNamee and Thompson, JJ., concur.